The AMUSEMENT CLUB, Inc., et al., Appellants,

v.

The GOVERNMENT OF GUAM, Appellee.

Cr. No. 13–A.

District Court of Guam
Appellate Division.

Nov. 21, 1957.

J. C. Arriola, Agana, Guam, M. I., for appellants.

Louis A. Otto, Jr., Atty. Gen., Leon D. Flores, Island Attorney, Agana, Guam, M. I., W. Scott Barrett, Deputy Island Attorney, for appellee.

Before McLAUGHLIN, WIIG, and SHRIVER, District Judges.

SHRIVER, District Judge.

The corporate and individual appellants were convicted in the Island Court of Guam of the offense of selling

liquor without a license. They assigned other errors but on oral argument it was agreed that the appeal would be limited to their contention that the type of activity engaged in did not constitute a violation of law. The appellants operated a bottle club. Club members kept their individual bottles of liquor on the premises for their use and the use of their guests. The club sold no liquor but sold ice and non-alcoholic mixers. The club had the proper license to sell such non-alcoholic mixers. The question before us is as to whether this type of operation violated the Government Code of Guam. We requested additional briefs in an effort to determine whether the provisions to be discussed were taken from any state statute, but no additional briefs have been furnished.

Section 25100 of the Government Code of Guam provides:

"Except as authorized in this Title a person shall not import, manufacture or sell alcoholic beverages without a license."

Section 25020 provides:

" 'Sell' includes:

"(a) Transferring title to alcoholic beverages by one person to another for any consideration but not the retransfer of title by the latter to the former.

"(b) Keeping or serving alcoholic beverages in connection with the sale or service of any other substance by one person to another for any consideration.

"(c) Soliciting and receiving orders for alcoholic beverages.

"(d) Keeping, offering or exposing for sale alcoholic beverages."

Section 25124 provides for club licenses and the sale of liquors to club members

"and shall also authorize any bona fide club member to keep in his private locker on such premises a reasonable quantity of liquor, if owned by himself, for his own personal use and not to be sold, and which may be consumed only on the premises."

However, under Section 25008

" 'Club' means an organization which operates an establishment for objects of an athletic, patriotic, political or social nature and not for pecuniary gain, having a bona fide membership list, the majority of members of which pay dues at least once in every year."

Although the corporate appellant uses the word "Club" in its name, it could not have qualified for a club license since it is a profit making corporation. The evidence showed that such profit was derived from the sale of ice and mixers at a price roughly equivalent to that which would have been charged for mixed alcoholic drinks, but by its attempt to circumvent the liquor regulation, it could remain open at times when on the premises sale liquor establishments must close. The courts do not encourage such devices. As stated in part in 48 C.J.S. Intoxicating Liquors § 274, p. 389

"It is generally agreed that, if the pretended club is a mere device to evade the license laws, with no principle of selection as to membership, and with no real purpose but to provide its frequenters with a convenient method of obtaining a drink whenever desired, it conducts an illicit traffic."

It is our conclusion that the appellants both kept and served alcoholic beverages in connection with the sale or service of any other substance within the meaning of Section 25020(b) of the Government Code of Guam, supra. Police officers testified that on an occasion previous to the raid, confiscation of over 200 bottles of liquor and the arrests, they had entered the club premises as guests. Their hostess promptly left them. One of the club waiters placed a bottle of liquor on their table. They ordered three small bottles of soft drinks, water and ice, for which they paid $2.50 (Tr. pp. 23 and 24).

The confiscated liquor was found in various places in a locker, on the bar and on tables in an adjacent room (Tr. p. 5; Gov. Exh. 3 and 5).

 Courts will refuse to countenance any trick of subterfuge intended to evade the law against the illegal sale of intoxicating liquor. 30 Am.Jur. 413. A fairly recent case illustrates this principle, State v. Perry, 246 Iowa 861, 69 N.W.2d 412. The defendant in the Perry case operated a club. Police officers, previously unknown to the defendant paid a membership fee and paid for a bottle of liquor which was given a number. They then bought drinks. The court held that this was not a club but a public drinking establishment. The furnishing of liquor in connection with the sale of food by a hotel or boarding-house keeper is regarded as a sale of liquor, 30 Am.Jur. 410. In the case before us we have a profit making club which supplied a dance orchestra and remained open when licensed establishments were required to close. The evils that licensing regulations are intended to correct could readily be circumvented if the courts sanction the operation of such a drinking establishment. It differs from licensed establishments only in that its customers must anticipate their drinking by providing liquor to be kept by the club and made available as required. This is clearly the type of subterfuge which the law will not countenance.

The convictions are affirmed.

McLAUGHLIN, District Judge (dissenting).